DELAWARE, L. & W. R. CO. v. MAYOR, ETC., OF JERSEY CITY.

(Circuit Court, D. New Jersey. February 25, 1909.)

1. INJUNCTION (§ 114*)—INDISPENSABLE PARTIES.

A contract was entered into between a water company and a railroad company having a right of way through a city, by which the water company was to supply water to the railroad for 25 years and was given the right to lay a pipe line on the railroad right of way through the city for the delivery of water to the railroad company and to other customers, to maintain the same for the term of the contract, and, if it should not be renewed, for an additional 25 years on such terms as should be agreed upon. *Held* that, as such pipe line was not for railroad purposes alone, but was to be constructed by and for the benefit of the water company, such company was an indispensable party to a suit to enjoin the city from interfering with its construction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 202; Dec. Dig. § 114.*]

2. COURTS (§ 343*)—FEDERAL COURTS—NONJOINDER OF INDISPENSABLE PARTIES —AMENDMENT.

Leave cannot be granted by a federal court to amend a bill by bringing in a new party, which, whether nominally made a complainant or defendant, must be aligned for jurisdictional purposes in opposition to a citizen of the same state, and whose joinder would defeat the jurisdiction of the court, which rests alone on diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 919, 920; Dec. Dig. § 343.*]

In Equity. On final hearing on pleadings and proofs.

William D. Edwards, Gilbert Collins, and M. T. Rosenberg, for complainant.

Warren Dixon, for defendant.

LANNING, District Judge. The question presented by this case is whether the municipal authorities of Jersey City shall be enjoined from interfering with the construction by the complainant, its contractors and agents, of a water main on the complainant's right of way across West Side avenue in Jersey City. The complainant's railroad crosses

the avenue at grade. Its right of way is 100 feet in width. It requires at Jersey City, and elsewhere in that vicinity, for use in its business, over 1,000,000 gallons of water per day. In November, 1906, a contract was entered into by the Morris & Essex Railroad Company and the Hoboken Ferry Company, both New Jersey corporations, and the Delaware, Lackawanna & Western Railroad Company, a Pennsylvania corporation and lessee of the two New Jersey corporations, all parties of the first part, with the Hudson County Water Company, a New Jersey corporation, party of the second part, by which it is provided that the water company shall procure and deliver to the railroad company (a term used in the contract for all the parties of the first part) all the water which the railroad company may require for use of its cars, locomotives, shops, steamboats, and ferryboats, for the extinguishment of fires, and for all other purposes and requirements on its lines or at its yards and terminals in Jersey City, Hoboken, and Secaucus; shall lay (or procure to be laid by a responsible firm of contractors) and maintain and operate a water pipe line upon the right of way of the railroad company; and shall provide and deliver into the pipe line an ample supply of water for all the uses and purposes of the railroad company, without treatment by the latter, for a period of 25 years, with the privilege to the railroad company of a renewal of the agreement for a second period of 25 years upon the same terms as for the first period of 25 years. The contract also provides that the railroad company shall purchase from the water company, during the term of the agreement and any extension thereof, the entire supply of water required by the railroad company at its Jersey City, Hoboken, and Secaucus yards and terminals, and elsewhere on the pipe lines constructed under the contract. The railroad company also grants to the water company, for the term of the contract, or any extension or renewal thereof, the right, license, and easement to lay, maintain, and operate the main pipe line mentioned in the contract upon the railroad company's right of way, with the privilege to the water company of entering upon the right of way and property of the railroad company to make all necessary repairs, and to make such side or service connections as may be necessary in the business of the water company for the delivery of water to the railroad company and to other customers. It is further provided that if, at the expiration of 25 years, the railroad company shall not avail itself of its privilege to renew the contract for a second period of 25 years, the water company shall have the privilege of a renewal of the use of the right of way, license, and easement, for the maintenance and operation of its pipe lines, branches, and service connections, which at such time shall have been laid, and to lay additional connections to its pipe line or lines, and to repair the same, for a second period of 25 years, upon the payment of such an amount of annual rental as may then be agreed upon between the parties to the contract.

The complainant is the Delaware, Lackawanna & Western Railroad Company only. By an arrangement between it and the Hudson County Water Company the complainant undertook, with its own force of men, but at the expense of the water company, to lay the portions of the pipe line crossing the public streets of Jersey City. In attempt-

ing to lay the pipe line across West Side avenue, the police authorities of Jersey City arrested its men and stopped the work. Hence this suit.

The defendant insists that the Hudson County Water Company is an indispensable party to the suit. This defense is not expressly presented by the answer; but, if the alleged defect be vital to the relief sought, the objection may be good. The contract shows that the pipe line, when laid, will be the property of the water company, and not the railroad company; that the water company will supply the line with water and operate it; and that it may possibly continue to operate the line, on the railroad company's property, 25 years after the railroad company ceases to take water from it. It further appears, as already stated, that the work which the railroad company is attempting to do in the laying of those parts of the line which cross the public streets of Jersey City is for and at the expense of the water company. It follows that the water company has a vital interest in the result of this suit, and might, except for a fact to be hereafter mentioned, have properly been joined as a party hereto.

But the test is whether it is an indispensable party. Can this court, upon the pleadings in their present form, decree such an injunction as is prayed for? To do so means that the water company, and not the railroad company, shall be permitted to continue to tear up the public streets of Jersey City without supervision by or regulation of the city authorities. Conceding, for the purposes of this case, as counsel for the complainant contend, that the railroad company may, under its chartered powers, construct its necessary works across the public streets without municipal consent, and conceding, further, that what it may itself directly do it may have another party do for it, such exemption from municipal control has relation only to its exercise of its own franchises. The franchise to build and operate the water system described in the record of this case, if there be any, is the franchise of the water company, and not the railroad company. The contract shows that the system is designed to be used by the water company in supplying the general public, as well as the railroad company, with water; and after 25 years, if the railroad company then concludes to take its supply of water from some other party, the water company may still continue to use the system for 25 years longer in supplying the general public. These facts show that the railroad company is here asking for an injunction the effect of which, if granted, will be directly to further the interests of the water company and only indirectly to further its own interests.

The defendant insists that as against the water company it has defenses it may not be able successfully to invoke as against the railroad company. For example, as against the water company the defendant may have a control over its streets not possessed as against the railroad company, and may have a vested right to furnish water to the general public from its municipal waterworks to the exclusion of the water company. The defendant insists that it has such defenses. It seems to me clear that an injunction ought not to issue upon the present state of the pleadings. While the nonjoinder of the water company was not objected to in the defendant's answer, the court cannot, upon any principles of equity jurisprudence, make a decree, primarily for the benefit

of the water company, upon the prayer only of the railroad company. I think the water company is an indispensable party to the suit.

The contract between the railroad company and the water company is annexed to the bill of complaint and made a part thereof. The defect above mentioned was therefore apparent on the face of the bill, and was demurrable for want of a proper and indispensable party. The objection having been raised only at the argument, the court, if the case were a proper one for amendment, might afford the complainant an opportunity to amend its bill. But the jurisdiction of this court depends on proper diversity of citizenship of the parties. For the purpose of determining the question of jurisdiction, the alignment of the parties will be fixed by their actual relation to the controversy, without regard to their position on the record as complainants or defendants. If the water company be brought in as a party complainant or defendant, since its interest in the controversy is with that of the railroad company and is opposed to that of Jersey City, it must, under the provision of Act March 3, 1875, c. 137, § 1, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508), which gives this court jurisdiction of "a controversy between citizens of different states," be aligned with the railroad company as a party complainant. Pacific R. R. v. Ketchum, 101 U. S. 289, 298, 25 L. Ed. 932; Groel v. United Electric Co. (C. C.) 132 Fed. 252. As the record would then show a citizen of the state of New Jersey as one of the complainants and a citizen of the same state as defendant, this court would be without jurisdiction to decide the cause.

The suggestion, made on the argument, that the court may enter a decree so restricted in its terms that the water company shall not be allowed to make service connections for the general public, or for any other party than the railroad company, and that the water company will consent to such a decree, does not answer the objection. By such a procedure the water company would virtually become a party to the suit. The court cannot thus acquire jurisdiction of the cause.

The bill must be dismissed, with costs.